UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BREONA HALL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:24-CV-349-CEA-DCP ) ) |
| BARCLAYS BANK DELAWARE, | ) ) |
| Defendant. | ) ) |

## ORDER & REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Application to Proceed In Forma Pauperis With Supporting Documentation ("Application") [Doc. 2] and on her Amended Complaint [Doc. 8]. On September 5, 2024, the Court entered an Order explaining that there were certain deficiencies in Plaintiff's initial complaint [Doc. 7]. Instead of recommending dismissal, the Court allowed Plaintiff to file an amended complaint in an attempt to cure these deficiencies [*Id.*]. On October 4, 2024, Plaintiff filed an Amended Complaint [Doc. 8].

For the reasons more fully stated below, the undersigned **GRANTS** Plaintiff's Application [**Doc. 2**] but **RECOMMENDS** that the District Judge **DISMISS** Plaintiff's Amended Complaint [**Doc. 8**].

I. **DETERMINATION ABOUT THE FILING FEE**

Plaintiff has filed an Application [Doc. 2] with the required detailing of her financial condition. Section 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27

(1992). The Court's review of an application to proceed without paying the administrative costs of the lawsuit is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262–63 (6th Cir. 1990) (observing that "the filing of a complaint is conditioned solely upon a person's demonstration of poverty in his affidavit and the question of frivolousness is taken up thereafter"). To proceed without paying the administrative costs, the plaintiff must show by affidavit the inability to pay court fees and costs—it is a threshold requirement. 28 U.S.C. § 1915(a)(1). One need not be absolutely destitute, however, to enjoy the benefit of proceeding in the manner of a pauper, or in forma pauperis. *Adkins v. E. I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 342 (1948). An affidavit to proceed without paying the administrative costs is sufficient if it states that the plaintiff cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id*. at 339.

The Court finds the Application is sufficient to demonstrate that Plaintiff has little income and no assets. Considering Plaintiff's Application, it appears to the Court that her economic status is such that she cannot afford to pay for the costs of litigation and still pay for the necessities of life. The Court will allow Plaintiff to proceed in the manner of a pauper. The Court **DIRECTS** the Clerk to file the Amended Complaint in this case without payment of costs or fees. The Clerk **SHALL NOT**, however, issue process at this time.

II.     RECOMMENDATION AFTER SCREENING OF THE COMPLAINT

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2); *Benson v.*

2

*O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999).[1]  Courts also have a continuing duty to ensure that jurisdiction exists to hear the case.  *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." (citations omitted)).  To survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A.     **Summary of the Complaint**

On August 30, 2024, Plaintiff filed her initial Complaint [Doc. 1].  As previously noted in the Court's September 5, 2024 Order:

> Plaintiff names Barclays Bank Delaware, Emily Louise Nenni, Cherron Edwards, Christopher C. Jones, Javitch Block, LLC, and all associated parties as Defendants.  Her factual allegations state that she "has been subjected to an egregious denial of her constitutional rights, resulting in immense emotional suffering and financial distress".  She adds that "Defendants' actions, including the denial of due process and unequal treatment, have left Plaintiff feeling betrayed and powerless, intensifying her psychological trauma and undermining her faith in the justice system."
>
> * * *
>
> Plaintiff has pleaded no facts.  Instead, her factual allegations consist of conclusory assertions that Defendants violated her rights.  This is not sufficient under Rule 8 of the Federal Rules of Civil Procedure.  Without any facts, Plaintiff's Complaint is subject to dismissal.

---

[1]     Despite the reference to prisoners, 28 U.S.C. § 1915 requires the Court to screen complaints filed by non-prisoners seeking in forma pauperis status.  *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997) ("Unlike prisoner cases, complaints by non-prisoners are not subject to screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2)."), *overruled on other grounds by Jones v. Brock*, 549 U.S. 199 (2007).

3

[Doc. 7 p. 2 (citations omitted)]. In that same Order, the Court detailed other deficiencies in the Complaint. The Court explained:

- [Plaintiff] alleges violations of the Fifth Amendment and the Fourteenth Amendment. . . . To state a claim under § 1983, a plaintiff must allege (1) a deprivation of rights secured by the "Constitution and laws" of the United States and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). Here, however, there are no allegations that any of the Defendants are state actors.

- Plaintiff has also listed violations of 18 U.S.C. §§ 241 and 242. There is no private right of action for Plaintiff's Title 18 claims. *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (explaining that the plaintiff has no private right of action under 18 U.S.C. §§ 241 and 242). Similarly, there is no private right of action under the Magna Carta.

- Plaintiff includes an allegation that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"). "In order to state a claim for a violation of the FDCPA, a plaintiff must show that (1) he/she is a consumer as defined by the act; (2) the debt arose out of a transaction entered into 'primarily for personal, family, or household purposes'; (3) the defendant is a 'debt collector' as defined by the act; and (4) the defendant violated a provision of the FDCPA." *Fuller v. Lerner, Sampson, Rothfuss, L.P.A.*, No. 1:10-CV-2453, 2012 WL 4361454, at *5 (N.D. Ohio May 14, 2012), (quoting *Whittiker, v. Deutsche Bank Nat'l Trust Co.*, 605 F. Supp. 2d 914, 926 (N.D. Ohio Mar.17, 2009), *report and recommendation adopted*, No. 1:10 CV 2453, 2012 WL 4361448 (N.D. Ohio Sept. 21, 2012). Plaintiff has not pleaded any of these elements.

- Plaintiff also alleges a breach of contract claim and violations of the Uniform Commercial Code. The Court questions whether it could exercise diversity jurisdiction under 28 U.S.C. § 1332(a)(1) if Plaintiff's federal claims are dismissed.

[*Id.* at 3–4 (citations omitted)].

Instead of recommending that the Complaint be dismissed, the Court provided Plaintiff an opportunity to cure the noted deficiencies [*Id*. at 4–5]. On October 4, 2024, Plaintiff filed an

Amended Complaint [Doc. 8]. The Amended Complaint names only Barclays Bank Delaware as a defendant [*id*. at 1] and sets forth the following factual allegations:

> Plaintiff had a credit card account with Barclays Bank Delaware that was charged off on or about July 12, 2021. Despite the charge off, Plaintiff was subsequently subjected to further collection actions and adverse consequences resulting from defendants unlawful conduct.
>
> On August 26, 2024, Plaintiff was summoned to small claims court by Defendant over the charged-off account, despite the fact that Defendant had previously written off the debt and effectively canceled the obligation.
>
> During the court proceedings, Defendant's attorney . . . questioned Barclays' representatives regarding the filing of Form 1099-C, which is mandated under the Internal Revenue Code for canceled debts. Barclays' accountant failed to confirm that a Form 1099-C had been issued for the canceled debt, despite the clear statutory obligation.
>
> Under 26 U.S.C. § 6050P, a creditor must issue a Form 1099-C for debts of $600 or more that are canceled. Defendant failed to issue such a form for the charged-off account, depriving Plaintiff of necessary information and causing confusion regarding her tax obligations.
>
> Defendant failed to provide Plaintiff with the original contract for the credit card account despite numerous requests, providing only statements, which do not suffice to establish the original terms of the contractual obligation.
>
> Under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., creditors must have either written or verbal consent to furnish information to credit reporting agencies. Plaintiff never consented to Defendant furnishing negative information related to the charged-off account. Defendants unauthorized credit reporting caused significant harm to plaintiffs credit standing and reputation.
>
> Defendant also violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., by engaging in deceptive and unfair practices during the collection process, including misrepresenting the status of the debt and failing to provide required documentation.

> As the holder of a charged-off debt, Plaintiff was entitled to her dividend payouts, if any, under equity principles.
>
> * * *
>
> Defendant breached their arbitration agreement with plaintiff by failing to adhere to the terms outlined therein.
>
> Defendant's actions constitute fraud under 18 U.S.C. § 1341 which criminalizes schemes to defraud or obtain money or property by means of false or fraudulent pretenses, representations, or promises.

[*Id.* at 2 (citations omitted)].[2]

Plaintiff claims violations of 26 U.S.C. § 6050P, the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA"), breach of contract, and fraud [*Id*. at 3].

**B.    Screening of the Complaint**

Plaintiff's Amended Complaint is before the Court for screening under the PLRA. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff's Amended Complaint arises from events involving Plaintiff's credit card account with Defendant that she alleges was "charged-off on or about July 12, 2021," but for which she was "summoned to small claims court by Defendant" on August 25, 2024, despite the "effective[] cancel[lation of] the obligation" [Doc. 8 p. 2]. Based on the alleged facts set forth above, Plaintiff maintains that she has suffered harm to her credit score, reputation, and financial standing [*See id.* at 3]. She seeks both declaratory and monetary relief [*Id*. at 3–4]. Specifically, she seeks damages, including $250,000 compensatory and $500,000 punitive, as well as an award of withheld dividend payouts [*Id*.]. She also seeks a declaration that "Defendant's

---

[2] As noted above, Plaintiff alleges that "Defendant breached [its] arbitration agreement" [Doc. 8 p. 2]. According to Plaintiff, the Supreme Court has "reiterated the fundamental importance of honoring arbitration clauses within contracts" [*Id*. (citation omitted)]. The undersigned does not construe Plaintiff's allegation as a request for arbitration. Instead, this allegation highlights Defendant's alleged misconduct [*See id*.].

actions violate federal laws, including 26 U.S.C. §6050P, the FCRA, the FDCPA, and 18 U.S.C. §1341," and an order requiring Defendant "to issue the required Form 1099-C for the canceled debt and provide an accurate report to the IRS," and "to cease unauthorized credit reporting and correct any negative information furnished to credit reporting agencies" [*Id.* at 4]. Finally, Plaintiff requests injunctive relief "to correct the false information and harm to her credit score, reputation, and financial standing," and she seeks specific performance under the account contract with Defendant [*Id*. at 3].

As an initial matter, and as noted in the Court's previous order in addressing Plaintiff's violations of 18 U.S.C. §§ 241 and 242, "[t]here is no private right of action for Plaintiff's Title 18 claims" [Doc. 7 p. 3 (citation omitted)]. The statutes within Title 18, including 18 U.S.C. § 1341, which Plaintiff asserts Defendant violated in her Amended Complaint [Doc. 8 p. 3], are federal criminal statutes, which do not create private civil causes of action. *See Sefa v. Kentucky*, 510 F. App'x 435, 438 (6th Cir. 2013) (finding that the plaintiff cannot assert private right of action under federal criminal statutes); *see also Ryan v. Ohio Edison Co.*, 611 F.2d 1170, 1178–79 (6th Cir. 1979) (holding that 18 U.S.C. § 1341 does not create a private cause of action).

Similarly, there is no private cause of action to enforce the requirements of 26 U.S.C. § 6050P, entitled "Returns relating to the cancellation of indebtedness by certain entities," as it is a part of the Internal Revenue Code, which does not explicitly grant a private cause of action to enforce its provisions. *See Lorens v. Cath. Health Care Partners*, 356 F. Supp. 2d 827, 833 (N.D. Ohio 2005) (holding the tax code does not provide a private cause of action to enforce 501(c)(3) but rather, permits the IRS to sue tax-exempt organizations that may no longer qualify for tax exemption). Thus, the undersigned recommends that Plaintiff's claims for violation of 18 U.S.C.

§ 1341 and 26 U.S.C. § 6050P be dismissed for failure to state a claim of relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The FCRA, on the other hand, "does create a private right of action." *Miles v. Equifax Info. Servs., LLC*, No. 1:22-CV-00283, 2023 WL 5410379, at *2 (N.D. Ohio Aug. 22, 2023); *see, e.g., Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615 (6th Cir. 2012) (finding that there is a private right of action under the FCRA for certain violations); *Alarcon v. Transunion Mktg. Sols., Inc.*, No. 5:07-CV 0230, 2008 WL 4449387, at *4 (N.D. Ohio Sept. 30, 2008) ("The majority consensus among the courts that have addressed the issue is that 15 U.S.C. 1681s-2(b) creates a private right of action by a consumer against a Data Furnisher."). However, Plaintiff has only generally alleged that she never "consented to Defendant furnishing negative information related to the charged-off account [to credit reporting agencies]," which is insufficient to raise a plausible claim. *See Iqbal*, 556 U.S. at 678 (explaining that the plaintiff must include more than "an unadorned, the-Defendant-unlawfully-harmed me accusation"). Indeed, the Northern District of Ohio found similar allegations insufficient to state a claim of relief under the FCRA. *Miles v. Equifax Info. Servs.*, LLC, No. 1:22-CV-00283, 2023 WL 5410379, at *2 (N.D. Ohio Aug. 22, 2023). As that court explained:

> To the extent it is Plaintiff's claim that a FCRA violation occurred because a consumer credit report was furnished that included items that she did not expressly provide written instruction to furnish, such an allegation does not in and of itself provide a cause of action, as 15 U.S.C. § 1681b(a) provides numerous circumstances under which a consumer report may be furnished. It is, by the very terms of the statute, not limited solely to the circumstance where a consumer gives written instructions to a credit reporting agency.

*Id*. at *3. The undersigned therefore recommends dismissing Plaintiff's FCRA claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Next, turning to Plaintiff's claim under the FDCPA, there is also recognized a private right of action. "Consumers accrue a private right of action against 'any debt collector who fails to comply with any provision' of the FDCPA." *Antista v. Fin. Recovery Servs., Inc.*, No. 2:17-CV-3567, 2018 WL 259771, at *2 (D.N.J. Jan. 2, 2018) (citation omitted). A plaintiff asserting a FDCPA claim must allege:

> (1) the plaintiff is a natural person harmed by a violation of the FDCPA, 15 U.S.C. § 1692(d), or is a "consumer," 15 U.S.C. § 1692a(3), for purposes of a cause of action, 15 U.S.C. § 1692c, 15 U.S.C. § 1692e(11);
>
> (2) the "debt" arises out of a transaction entered primarily for personal, family, or household purposes, § 1692a(5);
>
> (3) the defendant collecting the debt is a "debt collector" within the meaning of § 1692a(6); and
>
> (4) the defendant has violated—via act or omission—a provision of the FDCPA.

*Scott v. Radius Glob. Sols.*, No. 223CV12814, 2023 WL 8788943, at *2 (E.D. Mich. Dec. 19, 2023) (citations omitted). Here, Plaintiff alleges that she had a credit card account with Defendant, demonstrating she is a "consumer" and that her account was "charged-off," indicating she had a debt. However, Plaintiff does not plausibly allege that the debt arose from a consumer transaction, i.e., incurred for personal, family, or household purposes. *See Hrivnak v. NCO Portfolio Mgmt.*, 994 F. Supp. 2d 889, 897 (N.D. Ohio 2014) (finding the plaintiff's counts "legally insufficient because [he] neglect[ed] to allege anywhere in his complaint that the debt at issue is a consumer debt, as is required to prevail under the FDCPA"); *Meddaugh v. Gateway Fin. Servs.*, No. 1:22-CV-10654, 2022 WL 2164783, at *2 (E.D. Mich. Apr. 19, 2022) ("[The plaintiff] also fails to state a plausible claim for relief because he does not allege that the purported debt arose from a 'transaction,' let alone a transaction intended 'primarily for personal, family, or household

purposes.'" (quoting 15 U.S.C. § 1692a(5)), *report and recommendation adopted sub nom. Meddaugh v. Gateway Fin. Serv.*, 601 F. Supp. 3d 210 (E.D. Mich. 2022), *motion for relief from judgment denied*, 604 F. Supp. 3d 667 (E.D. Mich. 2022).

Nor does she plausibly allege that Defendant is a debt collector as defined under the FDCPA. A "debtor collector" is defined as "a person who conducts business with 'the principal purpose of' collecting debts, or a person 'who regularly collects' debts on behalf of others." *Meddaugh*, 2022 WL 2164783, at *2 (quoting 15 U.S.C. § 1692(a)(6)). "Unlike debt collectors, the FDCPA does not protect consumers against their creditors—the entities who extend credit or 'to whom a debt is owed.'" *Id*. (footnote omitted) (quoting 15 U.S.C. § 1692(a)(6)). Here, all reasonable inferences support that Plaintiff owed the debt to Defendant [*See, e.g.*, Doc. 8 p. 2 ("Plaintiff had a credit card account with [Defendant]" and "Defendant failed to provide Plaintiff with the original contract for the credit card account")]. Plaintiff has therefore not plausibly alleged an action under the FDCPA. *See Polidori v. Bank of Am., N.A.*, 977 F. Supp. 2d 754, 765 (E.D. Mich. 2013) ("A bank that owns the debt to be collected is "a creditor[,] . . . not a debt collector for the purposes of the FDCPA[,] and creditors are not subject to the FDCPA when collecting their accounts." (alterations in the original) (quoting *Montgomery v. Huntington Bank*, 346 F.3d 693, 699 (6th Cir. 2003))).

Finally, with respect to a breach of contract claim, given that there are no federal claims, the undersigned recommends that the District Judge decline to exercise supplemental over this claim and that it be dismissed without prejudice. *See* U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."); *see also Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) ("Upon dismissing [the plaintiff's] federal claims, the district court

10

properly declined to exercise supplemental jurisdiction over [the plaintiff's] remaining state-law claims.").

C. **Amending the Complaint**

As Plaintiff has already been given an opportunity to amend her Complaint to cure these deficiencies, the undersigned declines to offer her another opportunity to amend at this time. Further, because the undersigned recommends that many claims be dismissed as a matter of law, they cannot be cured by an amendment.

III. **CONCLUSION**

For the reasons explained above, the undersigned **GRANTS** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [**Doc. 2**][3] and **RECOMMENDS**[4] that the District Judge **DISMISS** Plaintiff's Amended Complaint [**Doc. 8**].

> Respectfully submitted,
>
> _Debra C. Poplin_
> Debra C. Poplin
> United States Magistrate Judge

---

[3]  This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

[4]  Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).